**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bernardo SAENZ, Defendant–Appellant.**

**No. 89–4034.**

United States Court of Appeals,
Sixth Circuit.

Argued June 11, 1990.

Decided Oct. 3, 1990.

Thomas O. Secor, Asst. U.S. Atty. (argued), Toledo, Ohio, for plaintiff-appellee.

Richard Neller (argued), Toledo, Ohio, for defendant-appellant.

Before KEITH and JONES, Circuit Judges, and ENGEL, Senior Circuit Judge.

NATHANIEL R. JONES, Circuit Judge.

Defendant-appellant Bernardo Saenz appeals the district court's refusal to award him a two-point reduction in his base offense level for acceptance of responsibility pursuant to United States Sentencing Guidelines (U.S.S.G.) § 3E1.1. In addition, Saenz contests the district court's two-level increase in his base offense level for misrepresentations made to the probation offi-

cer during Saenz's presentence interview. We affirm for the following reasons.

## I.

Bernardo Saenz was charged with distribution of and possession with intent to distribute an aggregate quantity of 3,189 grams of cocaine and use of a communication facility during the commission of a drug trafficking offense, in violation of 21 U.S.C. §§ 841(a)(1) and 843(b) (1982). Saenz pled guilty to four counts in exchange for the dismissal of one of the distribution counts. Saenz's presentence report placed his base offense level at twenty-eight. Pursuant to U.S.S.G. § 3C1.1, the probation officer recommended an upward adjustment of two points to the base offense level due to Saenz's alleged willful obstruction of justice. The probation officer also declined to recommend a two-point decrease in the base offense level for acceptance of responsibility and his criminal history, placed at level III, yielded a sentencing range of 121–151 months.

At his sentencing hearing, Saenz challenged both the addition of two points to his base offense level for obstruction of justice and the denial of a two-point reduction for acceptance of responsibility. The probation officer's basis for the two-point upward adjustment was that during Saenz's presentence interview, Saenz misrepresented the source of his cocaine and denied having received $19,000.00 furnished by the Federal Bureau of Investigation (FBI) through a cooperating witness to whom Saenz sold cocaine. Saenz's counsel admitted at the sentencing hearing that Saenz had misrepresented his cocaine source and had failed to reveal his receipt of the $19,000.00. Saenz was sentenced to a 151 month term of imprisonment, fined $200,000.00, and ordered to serve five years of supervised release.

## II.

■ Saenz argues that the district court erred in failing to reduce his base offense level by two points for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

" 'Whether or not a defendant has accepted responsibility for crime is a factual question' " to which the clearly erroneous standard applies. *United States v. Wilson,* 878 F.2d 921, 923 (6th Cir.1989) (citation omitted). Where, as in the instant case, a defendant merely pleads guilty, he is not entitled to a reduction for acceptance of responsibility as a matter of right. U.S.S.G. § 3E1.1(c). Accordingly, we affirm the district court on this issue.

## III.

■ Saenz next contends that the district court improperly added two points to his base offense level for willful obstruction of justice. U.S.S.G. § 3C1.1 provides that "if the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense, increase the offense level ... by 2 levels." Application Note 1(e) states that this upward adjustment may be made to a defendant's base offense level for "furnishing material falsehoods to a probation officer in the course of a presentence or other investigation for the court." U.S.S.G. § 3C1.1 comment n. 1(e). Saenz has admitted that he misrepresented certain facts regarding his involvement in the offenses to which he pled guilty. Although the defendant-appellant assigns a number of errors based on the district court's two level increase for obstruction of justice, the most serious of the errors asserted is that Saenz's presentence interview was conducted without the assistance of counsel in derogation of his Fifth and Sixth Amendment rights to counsel. The government asserts that Saenz's constitutional claims were raised for the first time on appeal and are therefore unreviewable. This court may, however, recognize any error, whether raised below or not, where the error affects the "fundamental fairness, honesty or public reputation" of a judicial proceeding. *United States v. Rodriguez,* 882 F.2d 1059, 1064 (6th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1144, 107 L.Ed.2d 1048 (1990).

■ At oral argument, Saenz's attorney persuasively inveighed that had he been present during Saenz's presentence interview, he would have objected to questions pertaining to the source of Saenz's drugs. While these questions were of arguable relevance to the charges to which Saenz pled guilty, the queries were broader than the elements of the offenses charged. Because it is conceivable that Saenz's responses to questions concerning his drug sources could incriminate him in another prosecution on charges related to his distribution and possession conviction, such as a conspiracy charge,[1] Saenz could rightfully confine his admissions during his interview to the specific charges to which he pled guilty without discussing all related conduct. *See United States v. Perez–Franco*, 873 F.2d 455, 460–63 (1st Cir.1989); *United States v. Guarin*, 898 F.2d 1120, 1123–24 (6th Cir. 1990) (Jones, J., concurring) (defendant's privilege against self-incrimination violated where probation officer attempts to elicit drug sources and such information could be used to prosecute defendant on conspiracy charges to which defendant had not pled guilty). Saenz's counsel also argued that because the presentence interview assumes a role of heightened importance under the sentencing guidelines, the interview is a critical stage of the trial process under the Sixth Amendment during which a defendant should be afforded counsel. We do not decide the Fifth Amendment question Saenz presents because to the extent that Saenz's alleged deprivation of counsel entitles him to relief, his Sixth Amendment right to counsel at his sentencing is a more well-established basis on which to grant such relief. As the Supreme Court stated

in *Mempa v. Rhay*, 389 U.S. 128, 134, 88 S.Ct. 254, 256–57, 19 L.Ed.2d 336 (1967):

> There was no occasion in [*Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)] to enumerate the various stages in a criminal proceeding at which counsel was required, but [*Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), *Moore v. Michigan*, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957), and *Hamilton v. Alabama*, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961)] ... clearly stand for the proposition that appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected. In particular, *Townsend v. Burke* ... illustrates the critical nature of sentencing in a criminal case and might well be considered to support by itself a holding that the right to counsel applies at sentencing. (Footnote omitted.)

■ If the facts of the instant case justified our resolving the Sixth Amendment question, we would be inclined to reject the view of some courts that a defendant's Sixth Amendment right to counsel at his sentencing does not extend to the presentence interview because the interview is not a critical stage of a criminal proceeding. *See, e.g., Brown v. Butler*, 811 F.2d 938, 941 (5th Cir.1987). These courts treat the presentence interview as divisible from the sentencing phase of a criminal proceeding, even though nothing in the sentencing guidelines supports such a bifurcation.[2] However, we need not finally decide this

---

**1.** The double jeopardy clause of the Fifth Amendment does not require the government to combine in a single proceeding all charges arising from one criminal transaction. Since "[a] conspiracy to commit a crime and the crime itself are separate offenses and a defendant may be tried in separate trials for those offenses," *United States v. Dunbar*, 591 F.2d 1190, 1192 (5th Cir.1979), *rev'd in part on other grounds,* 611 F.2d 985 (5th Cir.1980) (en banc), the danger of self-incrimination was present in the instant case. *See also United States v. Bosch*, 584 F.2d 1113, 1118–19 (1st Cir.1978) (defendant's prior conviction for aiding and abetting in the unlawful possession of narcotics was not bar to

subsequent prosecution for conspiracy arising out of same transaction).

**2.** To the contrary, the presentence interview is an integral part of the sentencing phase of a criminal proceeding. The sentencing guidelines in effect make the presentence interview mandatory by not allowing a defendant to waive preparation of a presentence report, *see* U.S.S.G. § 6A1.1, and by making a defendant's receipt of leniency in the offense level calculation contingent upon his cooperation with the probation officer. *See, e.g.,* U.S.S.G. § 3E1.1 Application Note 1(c) (In awarding a reduction for accept-

issue because, even assuming the existence of a Sixth Amendment right to counsel during a presentence interview, the defendant's right was not violated in the instant case. Nothing in the record indicates that Saenz's counsel was not informed of·or was excluded from the interview. Our reserach reveals that it is the practice of the United States Probation Office for the Northern District of Ohio to allow counsel to attend the presentence interview. The record reflects no attempt by Saenz's counsel to obtain information regarding the Probation Office's customary practices. When a defendant's counsel makes a choice not to attend the presentence interview, the defendant cannot argue on appeal that the government deprived him of his Sixth Amendment right to counsel. *Cf. United States v. Dickson,* 712 F.2d 952, 954 (5th Cir.1983) (defendant's counsel decided not to attend interview because he was told it would last only half an hour). Thus we are unable to find that the procedures attendant to Saenz's sentence were so fundamentally unfair as to warrant a reversal.

We note finally that nothing in the sentencing guidelines excludes counsel from the presentence interview, and, as a practical matter, it is best that counsel accompany the defendant to the interview. Counsel's presence will not only serve to continue to safeguard the defendant's rights after he is convicted, but will also reduce the risk of probation officers misapprehending the information related by a defendant. We think the danger of attorney obstruction of the presentence investigative process is minimal because the guidelines contain incentives, such as the downward adjustment in the offense level for acceptance of responsibility, which encourage the cooperation of both the defendant and his counsel.

### IV.

We have considered all other arguments raised by the defendant and find them to be without merit. We AFFIRM the district court's sentence.

ance of responsibility, courts may consider "voluntary and truthful admission to authorities of involvement in offense and related conduct...."). Although the presentence interview is one of several means for gathering information about the defendant and his offense, the range of information that Fed.R.Crim.P. 32(c)(2) requires a presentence report to contain necessitates that probation officer interview the defendant. The probation officer's recommendations, which are based on his exercise of his judgment, become the point of departure for disputes concerning the underlying facts of an offense as well as sentencing determinations which turn upon the defendant's candor and cooperativeness in revealing those facts. *See United States v. Belgard,* 694 F.Supp. 1488, 1513–14 (D.Or.1988) (citing "The Investigative Role of the United States Probation Officer Under Sentencing Guidelines," Appendix D), *aff'd sub nom. United States v. Summers,* 895 F.2d 615 (9th Cir.1990), *petition for cert. filed,* No. 90–5071 (July 6, 1990). Given·the significance of a defendant's presentence encounter with the probation officer, we are unable to agree with the Tenth Circuit that "the presentence report process is familiar and predictable" and requires no special constitutional safeguards. *Rogers,* 899 F.2d at 922.