946 F.2d 896
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis VASQUEZ, a/k/a Gerardo Moreno, and Gerardo Alfredo
Dominquez, a/k/a Andy Lee Rodriguez, Defendants-Appellants.
 Nos. 91-5116, 91-5117.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1991.
 
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendants Luis Vasquez and Gerardo Alfredo Dominquez appeal their sentences. They contend that the District Court should have reduced their offense levels because they accepted personal responsibility for their criminal conduct. Because the District Court's finding that defendants failed to accept responsibility is not clearly erroneous, we AFFIRM.
 
 I.
 
 2
 Vasquez and Dominquez arranged from Houston, Texas to sell cocaine to a person in Louisville, Kentucky. They drove from Houston to Louisville, and were arrested on March 19, 1987 on Kentucky Interstate 64. A Louisville grand jury indicted the defendants for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Both defendants were released on bond. The District Court scheduled a trial for August 25, 1987. Both defendants failed to appear for the trial and the District Court issued warrants for their arrest.
 
 
 3
 Vasquez remained at large for nearly three years. He changed addresses and began using a different name. He was arrested in Houston on June 23, 1990 for driving while intoxicated and was returned to federal custody pursuant to the District Court's warrant.
 
 
 4
 Dominquez was arrested in San Antonio, Texas on August 26, 1990 pursuant to the District Court's warrant. He had moved from Houston to San Antonio and also had changed his name.
 
 
 5
 Following these arrests, the Louisville grand jury issued a superseding indictment, adding charges against both defendants for failing to appear for trial in violation of 18 U.S.C. § 3146. Both defendants pleaded guilty on November 6, 1990 to all charges. A Presentence Report was prepared for each defendant, and computed an offense level under the United States Sentencing Guidelines ("Guidelines") for the charge of failure to appear. The drug offenses predated the Sentencing Reform Act, and the Guidelines do not apply to these offenses. The reports recommended that each defendant receive a two-point reduction in his offense level on the failure to appear charge for acceptance of responsibility. These recommendations were based on each defendant's admission to a probation officer that he failed to appear for trial and that each had entered a plea of guilty.
 
 
 6
 At the sentencing hearing, the United States objected to any adjustment for acceptance of responsibility. The District Court held that the defendants' actions were inconsistent with acceptance of responsibility, and did not reduce the defendants' offense levels. The defendants challenge this decision on appeal.
 
 II.
 
 7
 Whether or not a defendant has accepted responsibility is a factual question to be reviewed by this Court by the clearly erroneous standard. United States v. Saenz, 915 F.2d 1046, 1047 (6th Cir.1990). The Guidelines provide "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels." U.S.S.G. § 3E1.1(a). The decision to reduce an offense level for acceptance of responsibility is discretionary; a plea of guilty does not entitle a defendant to a sentencing reduction as a matter of right. U.S.S.G. § 3E1.1(c). The sentencing judge's evaluation of whether a defendant has accepted responsibility is "entitled to great deference on review." U.S.S.G. § 3E1.1, comment. (n. 5).
 
 
 8
 Entry of a guilty plea and admission of involvement in the offense constitutes "significant evidence of acceptance of responsibility," but this inference may be negated by "conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n. 3). Appropriate considerations in determining whether a defendant has accepted responsibility include voluntary and truthful admission to authorities of involvement in the offense, voluntary surrender to authorities and the timeliness of the defendant's conduct in manifesting the acceptance of responsibility. U.S.S.G. § 3E.1.1, comment. (n. 1).
 
 
 9
 The District Court held that the defendants' conduct was inconsistent with acceptance of responsibility. The court noted that it would have been very easy for the defendants to accept responsibility by simply coming back to the court. Neither defendant contested the authorities or attempted to turn himself in. They remained at large for approximately three years, changed their addresses and used other names. Based on these facts, we hold that the District Court's finding that the defendants failed to accept responsibility was not clearly erroneous. The District Court's sentencing determination is AFFIRMED.