956 F.2d 271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenny Ray UPSHAW, Defendant-Appellant.
 No. 91-5628.
 United States Court of Appeals, Sixth Circuit.
 Feb. 19, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 ORDER
 Kenny Ray Upshaw, a federal prisoner, appeals his conviction and sentence on drug-related charges. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a). Oral argument has been waived in this case.
 In September 1990, a jury convicted Upshaw of one count of conspiracy to possess cocaine with intent to distribute and distributing cocaine, in violation of 21 U.S.C. § 846. He was sentenced to 210 months incarceration plus three years supervised release. Upshaw filed a timely appeal. He asserts: (1) that the trial court erred in denying his motion in limine, motion to strike and plea of double jeopardy; (2) that the trial court erred in failing to strike the hearsay testimony of F.B.I. special agent Vallejo regarding motel registration records; (3) that the district court erred in adding two points to his total offense level for obstruction of justice under U.S.S.G. § 3C1.1; and (4) that the district court erred in sentencing him at the top of the applicable sentencing guideline range.
 
 
 1
 Upon review, we conclude that the district court did not err either in its evidentiary rulings or in its application of the sentencing guidelines.
 
 
 2
 First, Upshaw's assertion that the trial court erred in denying his motion in limine as well as his motion to strike and plea of double jeopardy is without merit. The admission of Upshaw's guilty pleas was not a double jeopardy violation. A conspiracy to commit a crime is a distinct offense from the commission of the crime. See United States v. Saenz, 915 F.2d 1046, 1048 n. 1 (6th Cir.1990). Furthermore, the admission of the prior convictions did not violate Fed.R.Evid. 404(b). See United States v. Westbrook, 896 F.2d 330, 334 (8th Cir.1990). Finally, the admission of the prior convictions themselves did not violate Upshaw's privilege against self-incrimination. See Saenz, 915 F.2d at 1048. Questioning regarding those prior convictions also did not violate his privilege, because Upshaw took the stand at trial and was questioned regarding the prior convictions by his counsel and cross-examined about the convictions by the prosecutor. A defendant who testifies on his own behalf waives the privilege against self-incrimination with respect to relevant matters covered by his direct testimony and also subjects himself to cross-examination. See Brown v. United States, 356 U.S. 148, 154-55 (1958).
 
 
 3
 Second, Upshaw's assertion that the district court erred in admitting the hearsay testimony of F.B.I. agent Vallejo is without merit. The district court did not abuse its discretion in concluding that Agent Vallejo's testimony was properly admissible pursuant to Fed.R.Evid. 1004. See United States v. Marcantoni, 590 F.2d 1324, 1328-29 (5th Cir.), cert. denied, 441 U.S. 937 (1979).
 
 
 4
 Third, the district court did not err in increasing Upshaw's base offense level by two levels for obstruction of justice. See U.S.S.G. § 3C1.1, comment. (n. 3); United States v. Head, 927 F.2d 1361, 1372 (6th Cir.), cert. denied, 112 S.Ct. 144 (1991).
 
 
 5
 Finally, Upshaw's contention that the district court erred by sentencing him at the top of the applicable sentencing guideline range is without merit. See United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989). Furthermore, Upshaw's assertion that the district court failed to state with particularity its reasons for giving him a sentence within the guidelines is also without merit. The district court went to great lengths at sentencing to state its reasons for imposing the particular sentence which Upshaw received.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.