7 F.3d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Habib Ur Rehman KHAN, Defendant-Appellant.
 No. 93-5611.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1993.
 
 Before: KENNEDY and NORRIS, Circuit Judges; and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Habib Ur Rehman Khan appeals his conviction and sentence following a guilty plea to one count of wire fraud and aiding and abetting wire fraud, in violation of 18 U.S.C. §§ 1343 and 2, and two counts of false representation of a social security number and aiding and abetting the false representation of a social security number, in violation of 42 U.S.C. § 408(a)(7)(B) and 18 U.S.C. § 2. On appeal, defendant contends (1) that the trial court erred in denying defendant a two-level reduction in offense level for acceptance of responsibility pursuant to section 3E1.1 of the United States Sentencing Guidelines ("Guidelines") and (2) that the trial court erred in failing to set aside defendant's guilty plea pursuant to Fed.R.Crim.P. 32(d). For the reasons stated below, we affirm.
 
 I.
 
 2
 As summarized by the government at the plea hearing, the circumstances surrounding the charges were as set forth below.
 
 
 3
 On or about November 4, 1992, a person representing himself as Habib Ur Rehman and using an unauthorized social security number had two telephone lines installed in an apartment on Crafty Drive, Jefferson County, Kentucky. The apartment was rented under the same name and social security number. On November 6, 1992, because the social security number did not check out, the telephone company contacted whom they believed to be Habib Ur Rehman and requested some form of personal identification. The telephone company subsequently received a facsimile of a Virginia driver's license bearing the name Habib Ur Rehman and the same social security number. The social security number was not authorized to be used by Habib Ur Rehman.
 
 
 4
 Also on November 4, 1992, a person representing himself as Habib Ur Rehman and using an unauthorized social security number applied for a lease at the Millwood Apartments and applied for telephone service therefor. Between November 4, 1992, and November 20, 1992, 3,389 long distance telephone calls were placed from the Crafty Drive apartment at a cost, the trial court estimated, of between twenty and forty thousand dollars.
 
 
 5
 On November 20, 1992, Federal Bureau of Investigation agents arrested defendant and charged him with false representation of a social security number, in violation of 42 U.S.C. § 408(a)(7)(B). A search of defendant's person yielded evidence linking defendant to both the Crafty Drive and Millwood apartments, including a handwritten note bearing the name and social security number used on the Millwood Apartment lease application. Defendant was later identified as the person who applied for the Millwood apartment and various witnesses identified defendant as having been seen in and around the Crafty Drive apartment in which he was arrested.
 
 
 6
 On December 7, 1992, a federal grand jury sitting in Louisville, Kentucky, indicted defendant on one count of wire fraud and aiding and abetting wire fraud, in violation of 18 U.S.C. §§ 1343 and 2, and one count of false representation of a social security number and aiding and abetting the false representation of a social security number, in violation of 42 U.S.C. § 408(a)(7)(B) and 18 U.S.C. § 2. On January 4, 1993, a superseding indictment was issued adding a second section 408(a)(7)(B) charge. Defendant pled guilty to all three counts. The guilty plea to Count Three of the Superseding Indictment was made pursuant to North Carolina v. Alford, 400 U.S. 25 (1970).
 
 
 7
 On February 16, 1993, a plea hearing was held before the Honorable John G. Heyburn II. After the government summarized its evidence against the defendant, the court inquired of defendant whether he was guilty of the charges contained in the Superseding Indictment. Defendant pled guilty as an aider and abetter. Following entry of the guilty plea, defendant met with United States Probation Officer John Fulner. Defendant told Officer Fulner, as indicated in the presentence report, that defendant gave his name and telephone number to a man he knew as "Baboo" because Baboo offered to find him a job. Defendant further told Officer Fulner that he did not apply for or ever use the two telephones located in the Crafty Drive apartment. At the sentencing hearing held on April 9, 1993, defendant testified that he never intended to aid or abet the commission of the crimes for which he was charged and that he had no knowledge of illegal activity. Based on this testimony, the government objected to any offense level reduction based on acceptance of responsibility.
 
 
 8
 After reviewing the evidence and hearing argument from counsel, the District Court denied defendant's motion for a two-level reduction for acceptance of responsibility. The trial judge determined the offense level and criminal history category. The government indicated the applicable Guideline range and recommended ten months imprisonment, the minimum term within that range. At that point, defendant's counsel made an oral motion to withdraw defendant's plea. The court denied the motion. The court sentenced defendant to ten months imprisonment. Defendant appeals.
 
 II.
 
 9
 Defendant first challenges the District Court's failure to grant him a two-level offense level reduction for acceptance of responsibility. The Guidelines provide that "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." U.S.S.G. § 3E1.1(a). Defendant argues that he has clearly demonstrated such acceptance and that the District Court's finding to the contrary was without foundation.
 
 
 10
 The defendant has the burden of demonstrating acceptance of responsibility. United States v. Christoph, 904 F.2d 1036, 1040 (6th Cir.1990), cert. denied, 498 U.S. 1041 (1991). We are mindful that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, Application Note 5. This Court will reverse the District Court's finding on acceptance of responsibility only if it is clearly erroneous. United States v. Williams, 952 F.2d 1504, 1517 (6th Cir.1991); United States v. Snyder, 913 F.2d 300, 305 (6th Cir.1990), cert. denied, 498 U.S. 1039 (1991); United States v. Saenz, 915 F.2d 1046, 1047 (6th Cir.1990); United States v. Wilson, 878 F.2d 921, 923 (6th Cir.1989).
 
 
 11
 In the present case, defendant pled guilty to the charges contained in the indictment. The Guidelines provide that "[e]ntry of a plea of guilty prior to the commencement of trial combined with truthful admission of involvement in the offense and related conduct will constitute significant evidence of acceptance of responsibility." U.S.S.G. § 3E1.1, Application Note 3. By itself, however, a guilty plea does not entitle a defendant to a sentence reduction as a matter of right. U.S.S.G. § 3E1.1, Application Note 3; Snyder, 913 F.2d at 305; Christoph, 904 F.2d at 1040; Wilson, 878 F.2d at 923. The evidence provided by a guilty plea "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1, Application Note 3. Defendant argues that the trial court had no evidence, other than the defendant's own testimony, with which to determine defendant's involvement in the crime. Without evidence that defendant's involvement was greater than he admitted, defendant contends, the court had no basis for finding that defendant did not accept responsibility.
 
 
 12
 The defendant's argument fails. The District Court did have grounds, other than defendant's testimony, on which to base its finding. The government summarized to the court, without objection, evidence of defendant's involvement beyond the defendant's admission. In addition, Probation Officer Fulner stated in the presentence report the reasons for his determination that defendant had not accepted responsibility.
 
 III.
 
 13
 Defendant's second contention is that the trial court should have set aside his guilty plea in the interests of justice. Rule 32(d) of the Federal Rules of Criminal Procedure provides that "[i]f a motion for withdrawal of a plea of guilty ... is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." Fed.R.Crim.P. 32(d). In support of his plea withdrawal, defendant asserts that he has never admitted to conduct amounting to a crime and that he moved to withdraw his plea as soon as it became evident that the trial court would not grant him a two-level reduction for acceptance of responsibility.
 
 
 14
 It is well settled that the withdrawal of a guilty plea prior to sentencing is not an absolute right but is a matter within the sound discretion of the district court. United States v. Head, 927 F.2d 1361, 1375 (6th Cir.), cert. denied, 112 S.Ct. 144 (1991); United States v. Spencer, 836 F.2d 236, 238 (6th Cir.1987) (quoting United States v. Kirkland, 578 F.2d 170, 172 (6th Cir.1978) (per curiam)). The district court's decision to deny a motion for plea withdrawal should be sustained unless the court has abused its discretion. Spencer, 836 F.2d at 238; United States v. Alexander, 948 F.2d 1002 (6th Cir.1991) (per curiam), cert. denied, 112 S.Ct. 1231 (1992) (granting of withdrawal of plea is a matter left to the discretion of the district court, and this Court will reverse only for abuse of that discretion). Additionally, the movant has the burden of establishing that his presentence motion to withdraw should be granted. United States v. Triplett, 828 F.2d 1195, 1197 (6th Cir.1987).
 
 
 15
 This Court has identified a number of factors which the district court may consider in determining whether the defendant has established a "fair and just reason" to withdraw his guilty plea: (1) the length of time between the entry of the plea and the motion to withdraw; (2) why the grounds for withdrawal were not presented to the court at an earlier time; (3) whether the movant has consistently maintained his innocence; (4) the circumstances underlying the entry of the plea of guilty, the nature and the background of a defendant and whether he has admitted his guilt; and (5) potential prejudice to the government if the motion to withdraw is granted. United States v. Goldberg, 862 F.2d 101, 103-04 (6th Cir.1988); Spencer, 836 F.2d at 239-40.
 
 
 16
 In the present case, although defendant admitted being an aider and abetter, he now claims he only gave his name and number to "Baboo" for the purpose of obtaining a job; that he did not apply for or ever use the two telephones located in the Crafty Drive apartment; and that he never intended to aid or abet the commission of the crimes for which he was charged. In essence, defendant's claim is one of innocence. This factor weighs in favor of setting aside his guilty plea.
 
 
 17
 Other factors, however, militate against withdrawal. Defendant did not argue below, nor does he before this Court, that the hearing on his plea was conducted unfairly or without due regard for Rule 11 requirements. Nor was the withdrawal motion a swift attempt at retraction. Defendant's motion thus attracts no special solicitude as a prompt application or as a challenge to questionable hearing procedures. Rather, defendant waited 52 days from entry of the plea to the date of sentencing. At the sentencing hearing, defendant did not move to withdraw his plea at the outset but rather he participated with the court and prosecution in determining the appropriate sentence. Defendant argued that he had accepted responsibility for his crime.[1] Sent. Tr. 56. Defendant also asked the court to impose a sentence subject to later reduction in the event the Immigration and Naturalization Service brings action to deport him.[2] Sent. Tr. 82. After the court rejected this motion and determined that defendant did not accept responsibility, defendant still made no motion to withdraw his plea. Instead, defendant asked the court to delay sentencing for a week to enable him to obtain a plane ticket to Pakistan. Sent. Tr. 82. Defendant also argued that the amount of loss, a factor in determining the sentence, was less than $40,000. After rejecting the request for postponement, the court determined that the amount of loss was between twenty and forty thousand dollars; that the offense level was 12; and that the criminal history category was I. Defendant argued for a lower offense level. Sent. Tr. 82. Then defendant asked the court to sentence him to six months so he could be deported soon thereafter. Sent. Tr. 84. When that request was rejected, defendant argued again that he had accepted responsibility and that he had played only a minimal role in the offense charged. Finally, after the government stated the applicable guideline range, ten to sixteen months, and its recommendation of ten months, defendant moved to withdraw his plea.
 
 
 18
 "[T]he aim of rule 32(d) is to allow a hastily entered plea made with an unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty.' " Alexander, 948 F.2d at 1004 (quoting United States v. Carr, 740 F.2d 339, 345 (5th Cir.1984), cert. denied, 471 U.S. 1004 (1985)). Instructive is the analysis in United States v. McKoy, 645 F.2d 1037 (D.C.Cir.1981). That court observed:
 
 
 19
 Fed.R.Crim.P. 32(d) and applicable precedent draw a sharp distinction between pre-sentence plea withdrawal motions and motions made after imposition of the sentence. The former are to be granted when "fair and just," the latter, only to prevent "manifest injustice." The stringent standard for post-sentence plea withdrawal motions is intended to prevent a defendant from testing the weight of potential punishment, and then withdrawing the plea if he finds the sentence unexpectedly severe.... [T]his concern is properly taken into account in applying the "fair and just" standard to a pre-sentence motion made by a defendant ... who has reason to believe his sentence will be more severe than he anticipated at the time of his guilty plea.
 
 
 20
 645 F.2d at 1040 n. 3 (citations omitted).
 
 
 21
 In McKoy, the defendant moved to withdraw his plea on the ground that it had been made involuntarily. The defendant had waited until after learning that his codefendants received a substantial sentence. Rejecting the motion, the trial court found that the "justifications asserted for withdrawing the plea [were] post hoc explanations rooted in fear of a substantial sentence." 645 F.2d at 1038. Affirming the denial, the appellate court observed that "if this tactic were successful, a guilty plea would indeed become 'reversible at defendant's whim.' " 645 F.2d at 1038.
 
 
 22
 In this case, defendant waited until after the court had determined the amount of loss; defendant's criminal history category; whether defendant had accepted responsibility; and that the offense level was 12. He also learned what the guideline range was and the government's recommendation. Even more than McKoy, defendant in this case was virtually certain what his sentence would be. A defendant may not, by pleading guilty, "test[ ] the waters of potential punishment, and then withdraw[ ] the plea if he or she finds the water too swift." United States v. Kobrosky, 711 F.2d 449, 457 (1st Cir.1983). See also United States v. Loughery, 908 F.2d 1014, 1017 (D.C.Cir.1990) (despite defendant's consistent claim of innocence, denial to set aside guilty plea was proper where defendant waited to see what sentence codefendant received.). Accordingly, we find that the trial court did not abuse its discretion in denying defendant's motion to withdraw his plea.
 
 IV.
 
 23
 For the reasons stated above, the defendant's convictions are AFFIRMED.
 
 
 
 [1]
 At the sentencing hearing, defense counsel stated that defendant accepted responsibility for aiding and abetting. Sent.Tr. 56 & 84. As with defendant's statement at the plea hearing that he was an aider and abetter, this raises a question as to whether defendant has maintained his innocence
 
 
 [2]
 Defendant's visa to reside in the United States had expired and there was a substantial likelihood that he would be deported