16 F.3d 1222
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Terrance R. PAULK, Defendant-Appellant.
 No. 93-1707.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1994.
 
 Before: NELSON and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from a criminal sentence imposed after the defendant pleaded guilty to a charge of possession of unregistered firearms in violation of 26 U.S.C. Sec. 5861(d). The defendant argues that the district court erred (1) in declining to reduce the base offense level, under the sentencing guidelines, for acceptance of responsibility, and (2) in denying a downward departure from the guideline range on the basis of certain health problems of the defendant and his estranged wife. Finding no merit in either argument, we shall affirm the sentence.
 
 
 2
 * On December 1, 1992, agents of the Bureau of Alcohol, Tobacco and Firearms were advised by a confidential informant that the defendant, Terrance Rayburn Paulk, was keeping numerous firearms, including fully automatic weapons, at his residence. During an electronically monitored visit to the residence, the informant purchased a handgun from Mr. Paulk for use as a "throw away." Both Mr. Paulk and the informant had been convicted of felonies in the past.
 
 
 3
 Federal agents, accompanied by local sheriff's deputies, executed a search warrant at Mr. Paulk's home on December 2, 1992. Some 37 firearms and 68,402 rounds of ammunition were discovered in the course of the search. Many of these items were stored in a concealed pit under the floor.
 
 
 4
 A presentence report subsequently prepared by a U.S. Probation Officer says that the agents "viewed a loaded gun in [Mr. Paulk's] bedroom and informed Mr. Paulk that he was under arrest." Mr. Paulk tried to get into the bedroom, at which point the agents attempted to handcuff him. Mr. Paulk resisted being handcuffed, according to the agents, and eventually had to be subdued with red pepper spray. Mr. Paulk denies having resisted arrest. His version is that he simply wanted to get his personal telephone directory from his bedroom and protested when the agents would not let him retrieve it. The next thing he knew, he says, he was maced. These conflicting stories are not material to the sentencing issues presented, and it does not appear that the district court relied upon one version of the arrest or the other in making the sentencing determination.
 
 
 5
 Mr. Paulk was charged in a six-count indictment with selling a firearm and ammunition to a convicted felon, being a felon in possession of a firearm, being a felon in possession of ammunition, possession of unregistered firearms, possession of firearms not identified by serial numbers, and resisting a federal law enforcement officer. About two weeks prior to trial, pursuant to a plea agreement, a superseding information was filed charging Mr. Paulk with a single count of knowingly possessing unregistered firearms. This charge was based on possession of seven fully automatic weapons, one firearm with a combination of parts from which a machine gun could be assembled, and one conversion kit from which a weapon could be converted into a machine gun. Mr. Paulk agreed to plead guilty, and the government agreed not to object to a three-level reduction in Mr. Paulk's offense level under U.S.S.G. Sec. 3E1.1(b)(2). That section authorizes a three-level reduction where the defendant has fully accepted responsibility for his crime and has timely notified the authorities of an intention to plead guilty.
 
 
 6
 The district court denied the reduction for acceptance of responsibility because Mr. Paulk had denied that the seven automatic weapons referred to in the information were in a fully automatic state at the time of their seizure. The district court also denied the defendant's request for a downward departure and imposed a sentence of imprisonment for 97 months.[1] This sentence was less than the statutory maximum (120 months), and it was at the bottom of the guideline range as calculated by the court.
 
 II
 
 7
 * The burden is upon the defendant to establish acceptance of responsibility. United States v. Christoph, 904 F.2d 1036, 1040 (6th Cir.1990), cert. denied, 498 U.S. 1041 (1991). Whether the defendant has carried the burden is a factual question--and, as we have said elsewhere,
 
 
 8
 "The district court's determination of that question ... enjoys the protection of the 'clearly erroneous' standard. Because the trial court's assessment of a defendant's contrition will depend heavily on credibility assessments, the 'clearly erroneous' standard will nearly always sustain the judgment of the district court in this area. Indeed, the guidelines specifically state that '[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation.' " United States v. Snyder, 913 F.2d 300, 305 (6th Cir.1990), cert. denied, 498 U.S. 1039 (1991), quoting United States v. Wilson, 878 F.2d 921, 923 (6th Cir.1989) (further quotes and citations omitted).
 
 
 9
 A guilty plea alone is not sufficient to establish an acceptance of responsibility. United States v. Lassiter, 929 F.2d 267, 270 (6th Cir.1991); United States v. Saenz, 915 F.2d 1046, 1047 (6th Cir.1990).
 
 
 10
 Here the district court found that Mr. Paulk had not been completely candid as to the condition in which the seven weapons in question were found. Mr. Paulk told the presentence investigator that the ATF agents had converted the weapons to fully automatic status after confiscating them. At the sentencing hearing, he attempted to modify this claim by suggesting that "drop-ins" for the weapons, which could be used to convert the guns to fully automatic status, were separately stored in a snuff box. The government represented that it was prepared to prove that the agents had taken the weapons in fully automatic condition and had not altered them in any way.
 
 
 11
 In concluding that the defendant was not entitled to a credit for acceptance of responsibility, the district court observed that "[i]t's clear from the evidence before the Court that Mr. Paulk had at least seven weapons in his possession fully assembled and automatic, and he denies that that was the case." We cannot say that this finding was clearly erroneous. An effort to minimize one's culpability is not consistent with an acceptance of responsibility, see United States v. Chalkias, 971 F.2d 1206, 1216 (6th Cir.), cert. denied, 113 S.Ct. 351 (1992), and the district court was entitled to deny the requested reduction on this basis.
 
 B
 
 12
 Mr. Paulk sought a downward departure under U.S.S.G. Sec. 5H1.4 based on his treatment for depression and high blood pressure--he takes prescription medicine for both conditions--and his wife's multiple sclerosis. Although Mr. Paulk is separated from his wife, he represented to the sentencing court that he and his present girlfriend provide some care for her.
 
 
 13
 "[A] district court's refusal to depart downward from a sentence within the properly computed guideline range is not appealable." United States v. Pickett, 941 F.2d 411, 417-418 (6th Cir.1991) (citations omitted). A defendant may nonetheless appeal such a refusal under authority of 18 U.S.C. Sec. 3742 if he contends that his sentence was in violation of law or was imposed as a result of an incorrect application of the guidelines. United States v. Gregory, 932 F.2d 1167, 1169 (6th Cir.1991). Whether the district court's refusal to depart downward is alleged to be "in violation of law," 18 U.S.C. Sec. 3742(a)(1), or an "incorrect application of the sentencing guidelines," 18 U.S.C. Sec. 3742(a)(2), need not detain us, however; a downward departure was not warranted here in any event.
 
 
 14
 The defendant's use of prescription medications for clinical depression and high blood pressure is not "an extraordinary physical impairment" that would provide a reason to impose a sentence below the guideline range. U.S.S.G. Sec. 5H1.4. In view of U.S.S.G. Sec. 5H1.6, moreover, we do not find the defendant's assistance to his wife a sufficient reason for a reduction in his sentence. See United States v. Sailes, 872 F.2d 735, 739 (6th Cir.1989) (family ties not ordinarily relevant). We find no error in the denial of a downward departure.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 The term of imprisonment was to be followed by three years of supervised release