**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Elrond Perico TURNER, Defendant-Appellant.**

No. 84-1142
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 29, 1984.

Robert T. Baskett (court-appointed), Dallas, Tex., for defendant-appellant.

James A. Rolfe, U.S. Atty., James T. Jacks, Asst. U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before RUBIN, RANDALL, and TATE, Circuit Judges.

TATE, Circuit Judge:

The defendant Turner appeals from revocation of his probation and his sentence to five years' imprisonment. We affirm the revocation, but vacate the deferred sentence imposed because, after revocation

and before imposition of the sentence, the district court did not afford the defendant his allocution right to make a statement to present any information in mitigation of punishment.

In 1979 the defendant Turner pleaded guilty to wire fraud, 18 U.S.C. § 1343. Sentencing was deferred, and he was placed on probation for five years. In 1984, his probation officer filed a petition for probation action, alleging that Turner had violated several probation conditions.[1] After hearing Turner testify in defense as to some, but not all, of the alleged violations, the district court declared:

> I have heard enough. Just wait a minute. Did you have anything else? I have heard enough. I'm going to revoke his probation; it's revoked. I'm going to sentence you to the custody of the attorney general for five years, and I'm going to recommend that you not be paroled. I don't believe your story. You haven't made any effort to make restitution.[2]

The defendant raises as sole ground of error upon appeal that the trial judge had abused his discretion by revoking probation, in that the trial "judge abruptly declared that he had heard enough and immediately announced his ruling. No opportunity was afforded either counsel or Appellant [Turner] to present anything further, either on the allegations themselves or in mitigation of the sentence." Appellant's brief, p. 6.

## I.

The primary thrust of Turner's argument on appeal is that the district court abused its discretion in revoking his probation because it did not, as required by Fed. R.Cr.P. 32.1(a)(1)(B), afford him a full and fair opportunity to "present evidence on his behalf" at the hearing. The basis of his contention is that the district court revoked his probation after rejecting his exculpatory evidence as to two of the three condition-violations, held by it to be proven, without affording him an opportunity to present evidence to mitigate his purported guilt of the third condition-violation charged. See notes 1 and 2, *supra.*

■ Probationers are, of course, entitled to Fourteenth Amendment due process protections, so that probation hearings must comport with principles of fundamental fairness. *Morrissey v. Brewer,* 408 U.S. 471, 484, 92 S.Ct. 2593, 2601, 33 L.Ed.2d 484 (1972). Thus, at a revocation hearing, a probationer must be given "an opportunity to be heard and to show, if he can, that he did not violate the conditions, or if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." *Id.,* 408 U.S. at 488, 92 S.Ct. at 2603.

Little doubt can exist that this constitutional standard was met in the revocation hearing as to the two condition-violations upon which Turner's probation was revoked (i.e., failure to make good faith restitution, and failure to report an arrest for a criminal drug violation to his probation officer). Without reiterating the testimony at the hearing, we need state only that it

---

1. Revocation of probation was sought for essentially three condition-violations: (1) Turner had violated the criminal law, in that he was found to be in possession-with-intent-to-distribute cocaine; (2) he had failed to report his arrest therefor to his probation officer; and (3) he had failed to make a good faith attempt to comply with some special conditions of his parole requiring restitution.

2. The district court continued, specifying that Turner had also lied to his probation officer and had not told the latter of an arrest and indictment for a drug offense, and that the court believed Turner guilty of the state drug charges for which arrested, concluding: "No further explanation is necessary. He is remanded to the custody of the marshal for the imposition of five years in the penitentiary."

The defendant Turner had been permitted to make full explanation of the failure-to-report-arrest-and-indictment and the failure-to-make-good-faith-restitution conditions, which, as noted, the district court rejected as an exculpatory defense. However, the district court cut Turner short before he presented his intended explanation "of the circumstances of the arrest itself," Tr. 24. (initial statement of his counsel.) This forms the basis of his contention that the revocation itself was an abuse of discretion, discussed in text at I, *infra.*

shows that the government satisfactorily proved these violations, that Turner had full opportunity to present his explanations in defense and mitigation of them, and that the district court rejected the latter on the basis of Turner's admissions and of credibility evaluations not clearly erroneous. Indeed, we do not understand Turner to contend otherwise.

Turner does argue, however, that his right to "present evidence on his behalf", Fed.R.Civ.P. 32.1(a)(1)(B), was abridged because the district court concluded the hearing and revoked his probation before he could offer his mitigating explanation of the circumstances surrounding his arrest for illegal drug conduct, the remaining violation of a probation condition (i.e., refraining from violation of law) upon which revocation was sought.

■ From the tenor of the district court's remarks and its holding, it is apparent that the court revoked Turner's probation after rejecting his extenuating explanation as to the two violations to which Turner testified before the hearing was terminated. No abuse of revocation discretion is shown by the district court's revocation of probation because of Turner's found failure to make a good-faith attempt to meet the restitution condition of probation, *cf., United States v. Boswell*, 605 F.2d 171, 173–74 (5th Cir.1979), and because of his failure to report his arrest and his indictment to his probation officer. "All that is required for the revocation of probation is enough evidence to satisfy the district judge that the conduct of the petitioner has not met the conditions of probation." *United States v. Dozier*, 707 F.2d 862, 865 (5th Cir.1983).

Since no abuse of discretion is shown by the district court's revocation upon the two grounds upon which based, the error (if any) in failing to hear extenuating evidence as to the third condition-violation charged is harmless. Where there is an adequate basis for the district court's discretionary

action of revoking probation, the reviewing court need not decide a claim of error as to other grounds that had been advanced as a cause for revocation. *Dozier, supra,* 707 F.2d at 865; *United States v. Brown*, 656 F.2d 1204, 1207 (5th Cir.1981), cert. denied, 404 U.S. 1156, 102 S.Ct. 1029, 71 L.Ed.2d 313 (1982).

We affirm the revocation of probation.

## II.

Nevertheless, although somewhat glancingly, Turner also contends that the district court erred, not only in failing to afford him the chance to present anything further on the allegations themselves, but also in denying him the opportunity to present anything "in mitigation of the sentence." From this, we infer that Turner complains of the district court's failure to accord him his right of allocution—to "address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment", Fed.R.Cr.P. Rule 32(a)(1)(C), *"[b]efore* imposing sentence", *Id.*

As noted, sentencing was deferred at the time Turner pleaded guilty and was placed on probation, and the maximum sentence of five years' imprisonment was imposed after Turner's probation was revoked.

■ On direct appeal from a sentence[3], this court construes Rule 32(a)(1)(C) "as mandating precisely what it appears to mandate—a personal inquiry directed to the defendant." *United States v. Dickson*, 712 F.2d 952, 956 (5th Cir.1983). "[T]he failure of the sentencing judge to afford a defendant his 'absolute right' of allocution is error, requiring reversal for resentencing." *United States v. Sparrow*, 673 F.2d 862, 865 (5th Cir.1982). The Supreme Court has adverted to the important value served by this historic right of allocution: "The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence,

---

3. This issue may be raised or noticed on a direct appeal from a sentence. *Van Hook v. United States,* 365 U.S. 609, 81 S.Ct. 823, 5 L.Ed.2d 821 (1961) (reversing *United States v. Van Hook*, 284 F.2d 489 (7th Cir.1960)), and Fifth Circuit decisions cited in text. However, this sentencing deficiency is ordinarily not grounds for a collateral attack upon a sentence previously imposed upon conviction. *Hill v. United States*, 368 U.S. 424, 426, 82 S.Ct. 468, 470, 7 L.Ed.2d 417 (1962).

speak for himself." *Green v. United States*, 365 U.S. 301, 304, 81 S.Ct. 653, 655, 5 L.Ed.2d 670 (1961). *See also* 3 Wright, Federal Practice and Procedure, § 542 (1982).

 We have held that the right of allocution must be afforded a defendant when deferred sentence is imposed following a revocation of probation. *United States v. Eads*, 480 F.2d 131 (5th Cir.1973). There, in circumstances generically identical to the present, although affirming the revocation, we sua sponte noticed the failure of the district court to accord the defendant his right of allocution upon the deferred sentencing following the revocation. Accordingly, we vacated the sentence(s) and remanded for resentencing after affording the defendant his right to allocution. *Id.* at 133. The defendant Turner is here entitled to similar relief.

*Conclusion*

Accordingly, we AFFIRM the revocation of probation, but we VACATE the sentence imposed and REMAND for resentencing consistent with the views above stated.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.