United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

03-40554

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL CASAS-TORREZ,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas, Laredo

---

Before KING, Chief Judge, HIGGINBOTHAM, and DAVIS, Circuit
Judges.

W. EUGENE DAVIS, Circuit Judge:

The only issue in this case is whether the district court plainly erred in failing to give the defendant an opportunity to allocute as required by Federal Rule of Criminal Procedure 32. Because (1) Casas-Torrez was sentenced at the top of the sentencing range; (2) the district court rejected defendant's argument that he did not brandish a weapon and enhanced his sentence accordingly; and (3) no unique circumstances are present to excuse the district court's non-compliance with Rule 32, we VACATE the sentence and REMAND for resentencing.

Defendant, Daniel Casas-Torrez, pled guilty to conspiring to transport undocumented aliens within the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). The Presentence Report ("PSR") recommended that Casas-Torrez's base offense level of 12 be increased to 20 because he brandished a knife while fleeing from the border patrol agent. Casas-Torrez objected to the dangerous weapon enhancement, arguing that he did not "brandish" the knife, but rather was complying with the agent's command to disarm himself. The agent testified that, he recovered the knife - with the serrated blade exposed - on the ground where he had struggled with Casas-Torrez. Casas-Torrez denied ever opening the knife, which he testified he used at his place of employment to open packages.

The district court accepted the agent's testimony and rejected Casas-Torrez's testimony "in every particular." Though troubled by Casas-Torrez's apparent lying regarding the details of his offense, the district court granted Casas-Torrez a downward adjustment of three levels (to offense level 17) for acceptance of responsibility in accordance with his plea agreement. Based on an offense level of 17 and a criminal history category of I, Casas-Torrez faced an imprisonment range of 24 to 30 months. The district court sentenced Casas-Torrez to 30 months' imprisonment, three years supervised release, and a $100 special assessment. Casas-Torrez timely appealed.

II.

For the first time on appeal, Casas-Torrez contends that he is entitled to automatic reversal because the district court denied him his right of allocution at sentencing, as required by Federal Rule of Criminal Procedure 32(i)(4)(A)(ii). Until recently, we had "consistently held that we must automatically reverse a district court which fails to give the defendant an opportunity for allocution as required by Rule 32." See *United State v Reyna*, 358 F.3d 344, 348 (5th Cir. 2004). Based on the Supreme Court's decision in *United States v. Vonn*, 535 U.S. 55, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002), however, the en banc court in *Reyna* backed away from our long-standing automatic reversal rule and applied a plain-error standard of review to denial of allocution claims raised for the first time on appeal. See *Reyna*, 358 F.3d at 350-53.

Under *Reyna*'s three-step plain-error analysis, we first address whether the district court clearly or obviously failed to afford the defendant an opportunity to exercise his right of allocution at sentencing. *Id.* at 350(citing the three-step plain-error standard in *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). Rule 32 states that, before imposing sentence, the court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." FED. R. CRIM. P.

32(i)(4)(A)(ii). This court has construed Rule 32's right of allocution "quite literally as mandating precisely what it appears to mandate -- a personal inquiry directed to the defendant." *United States v. Dickson*, 712 F.2d 952, 955 (5th Cir. 1983).

In this case, the district court obviously erred because it never addressed the defendant personally or determined whether the defendant wanted to make a statement or offer mitigating evidence. FED. R. CRIM. P. 32(i)(4)(A)(ii); *Reyna*, 358 F.3d at 350.

Next, *Reyna* dictates that we determine whether the error affected the defendant's substantial rights. *Id.* at 350. At this step of the plain error test, the defendant must ordinarily demonstrate prejudice by showing that the error "affected the outcome of the district court proceedings." *Id.* But, in *Reyna,* we held that we would presume prejudice when the defendant "shows a violation of the right [of allocution] and the opportunity for such a violation to have played a role in the district court's sentencing decision." *Id.* at 352 (quoting *United States v. Adams*, 252 F.3d 276, 287(3d Cir. 2001)). A defendant sentenced at the top of the Sentencing Guidelines who is denied his right of allocution is ordinarily considered to fulfill this requirement.[1] *Id.*

---

[1]*Reyna* also held that courts could presume prejudice under this standard even if the defendant was sentenced at the bottom of the Sentencing Guidelines range if a "searching review of the district court record reveals that there are any disputed facts at issue at sentencing, or any arguments raised in connection with sentencing, that if resolved in the defendant's favor would have reduced the applicable Guidelines range or the ultimate

-4-

In the present case, Casas-Torrez was sentenced to 30 months imprisonment which was at the top of the guideline range. U.S.S.G. Ch. 5, Pt. A. The defendant also disputed the fact that he brandished a weapon. If this factual dispute had been resolved in the defendant's favor, his offense level would have been 15 instead of 17 (base level of 12, enhanced to 18 got brandishing a weapon, then reduced 3 levels for acceptance of responsibility to 15). This would have resulted in a guideline range between 18 to 24 months. See U.S.S.G. Ch. 5 Pt. A. Because allocution could have played a role in the sentence, we presume that Casas-Torrez was prejudiced by the district court's failure to afford him his right of allocution.

Once this court presumes prejudice, *Reyna* held that it "will ordinarily remand for resentencing." *Id.* at 353. We declined to adopt a "blanket approach" to remand after finding prejudice, however, opting instead to examine the record to determine if "the error seriously affects the fairness, integrity, or public reputation of the judicial proceeding." *Id.* at 352. Unless a thorough search of the record reveals that the case before us is one of the "limited class of cases" in which, despite the presence of disputed issues and a denial of allocution, the defendant was given an "unusual" opportunity to present mitigating evidence, we will remand for resentencing. *Id.* at 352-353. The defendant in

sentence." *Reyna*, 358 F.3d at 352.

*Reyna* was denied his right of allocution in his third appearance before the district judge. *Id.* at 352. The record showed that he had been given the opportunity to allocute both at his original sentencing and when he was resentenced following the first violation of supervised release. *Id.* Because the loss of the defendant's right to allocute in his third appearance before the court had no effect on the "fairness, integrity, or public reputation of his sentencing proceedings," we declined to remand his case for resentencing. *Id.* at 353.

In this case, Casas-Torrez was not afforded any such unusual or unique opportunity to present his personal plea in mitigation of sentence. The government argues that this case is analogous to *Reyna* because Casas-Torrez testified at his sentencing hearing regarding the weapon charge and answered several questions regarding his personal finances. Casas-Torrez contends, however, that if the court had afforded him a right of allocution, he would have been able to call the court's attention to other, unrelated subjects, such as the fact that he had attained a GED, completed one year of college, been gainfully employed since 1989, provided for his two children, and had never been convicted of a previous violent offense.

It is true that some of this evidence was already before the court in the PSR and we recognize that the district judge disbelieved Casas-Torrez's account of the offense "in every

particular." But this is no reason to dispense with Casas-Torrez's right of allocution. Rule 32 requires the court to "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." FED. R. CRIM. P. 32(i)(4)(A)(ii). Even if the court had been apprised of the relevant facts by counsel or court personnel, this does not "lessen the need for the defendant, personally, to have the opportunity to present to the court his plea in mitigation." *Reyna* 358 F.3d at 349 (quoting *U.S. v. Green*, 365 U.S. 301, 304 (1961)).

For the reasons stated above, we VACATE the court's sentence and REMAND for resentencing.