IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 3, 2008

Charles R. Fulbruge III
Clerk

No. 08-40085
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LADANIEL MARSHALL, also known as Dan Marshall

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:98-CR-303-3

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant LaDaniel Marshall pleaded guilty to conspiracy to possess with intent to distribute more than five grams of crack cocaine and was sentenced to 70 months of imprisonment and five years of supervised release. His supervised release began on February 7, 2003. Marshall appeals the district court's revocation of his supervised release.

Marshall argues that the district court clearly erred by finding that he in fact drove with a suspended license because a preponderance of the evidence did

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not show that he had. He also argues that the district court further erred by finding as a matter of law that he drove with a suspended licence because his license expired before the purported suspension. He next asserts that the district court clearly erred by finding that he possessed marijuana because a preponderance of the evidence did not show that he had. Finally, he argues that the district court clearly erred by finding that he knowingly sold counterfeit shoes because a preponderance of the evidence did not show that he knew the shoes he sold were counterfeit.

The elements of the offense of trafficking in counterfeit goods are: (1) the defendant trafficked in goods; (2) the trafficking was intentional; (3) the defendant used a counterfeit mark on or in connection with the goods; and (4) the defendant knew that the mark was counterfeit. 18 U.S.C. § 2320(a); United States v. Sultan, 115 F.3d 321, 325 (5th Cir. 1997). Marshall challenges only the sufficiency of the evidence of the fourth element, that he knew that the shoes were counterfeit.

Marshall admitted that he intentionally engaged in the selling of the shoes. Testimony at the revocation hearing established that the shoes were counterfeit. While Marshall testified that he did not know that the shoes were counterfeit, the district court, as the trier of fact, was not obligated to believe this testimony. See United States v. Alaniz-Alaniz, 38 F.3d 788, 791 (5th Cir. 1994). While Marshall argues that his voluntary disclosure to his probation officer that he was selling athletic shoes shows that he did not know the shoes were counterfeit, the probation officer's testimony revealed that Marshall did not make this disclosure until after the probation officer was informed that Marshall was found in possession of $3,900 in cash during a traffic stop. The evidence showed that Marshall did not keep invoices despite repeated requests by his probation officer for invoices, that Marshall was able to purchase the shoes for approximately $30 per pair and sell them for over $100 per pair, and that Marshall had a large amount of cash hidden in his underwear when he was

arrested. This evidence was sufficient for the district court to infer that Marshall knew that the shoes he was selling were counterfeit. See Alaniz-Alaniz, 38 F.3d at 792; United States v. Sanders, 942 F.2d 894, 898 (5th Cir. 1991). Accordingly, the district court's determination that Marshall had committed a new law violation by trafficking in counterfeit shoes in violation of § 2320(a) was not clearly erroneous. See Alaniz-Alaniz, 38 F.3d at 792.

Marshall admitted that he had violated the terms of his supervised release by failing to appear at a court hearing for a traffic citation and failing to submit truthful and complete monthly supervision reports. The admitted violations, along with the trafficking in counterfeit goods violation, were each a sufficient ground for the district court to revoke Marshall's supervised release. See U.S.S.G. § 7B1.3(a)(1), (2); 18 U.S.C. § 3583(e)(3). As these three violations were sufficient to support the district court's revocation of Marshall's supervised release, this court need not reach Marshall's challenges to the district court's findings that he drove with a suspended license and possessed marijuana. See United States v. Turner, 741 F.2d 696, 698 (5th Cir. 1984). Marshall has not shown that the district court abused its discretion by revoking his supervised release. See id.

AFFIRMED.