# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 7, 2010

Charles R. Fulbruge III
Clerk

No. 09-20198
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN PABLO GUTIERREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-741-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges

PER CURIAM:[*]

Juan Pablo Gutierrez appeals his 46-month sentence of imprisonment following his guilty plea conviction for eight counts of making a false material statement to a federal firearms licensee. Gutierrez argues that the district court erred by failing to give sufficient reasons for its within-guidelines sentence, and because its reasons were inadequate, the district court might have impermissibly relied on Gutierrez's failure to cooperate with the Government when determining his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Gutierrez failed to object in the district court to the sufficiency of the reasons for his sentence, our review is limited to plain error.[1] Our review of the record indicates that the district judge referenced the appropriate guidelines range and stated that he did not think that any factors were present that would take Gutierrez's case outside of the "heartland." Moreover, the judge stated during the hearing that Gutierrez had committed a "serious offense." Finally, the judge concluded that he had considered the guidelines and found that a sentence within the guidelines is consistent with the purposes of § 3553(a). Based on the foregoing, we find that the district court's reasons for Gutierrez's within-guidelines sentence were sufficient.[2]

Next, Gutierrez argues that the district court may have impermissibly relied on his failure to cooperate when determining his sentence. It is arguable that he failed to object in the district court on this basis: he contended in the district court that his failure to cooperate was not an appropriate factor on which to base an *upward departure*, but did not assert that it was not an appropriate factor on which to rely in sentencing him *within the guidelines*. We need not determine whether this means that plain-error or abuse-of-discretion review applies here because Gutierrez is not entitled to relief even assuming that he preserved the issue for review.[3]

For one, the record is devoid of any evidence that the district court relied on Gutierrez's failure to cooperate when determining Gutierrez's sentence.[4]

---

[1] *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 1423, 1429 (2009).

[2] *See Rita v. United States*, 551 U.S. 338 (2007).

[3] *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

[4] *See United States v. Ronquillo*, 508 F.3d 744, 749 (5th Cir. 2007) (stating that the district court, that merely noted its doubt concerning whether the defendant was repentant based on his failure to cooperate with authorities, did not draw an adverse inference based on his failure to cooperate).

Moreover, even if the district court relied on Gutierrez's failure to cooperate, it did not err because the district court sentenced Gutierrez to a within-guidelines sentence.[5]

To the extent that Gutierrez's challenge is to the substantive unreasonableness of his sentence, his 46-month, within-guidelines sentence was presumptively reasonable,[6] the district court's reasons for Gutierrez's sentence were sufficient, and thus, the totality of the circumstances, considered in light of the § 3553(a) factors, does not show that the sentence imposed by the district court was unreasonable under plain error or abuse-of-discretion review.

Accordingly, the judgment of the district court is AFFIRMED.

---

[5] *See United States v. Alvarez*, 51 F.3d 36, 41 (5th Cir. 1995) ("[A] district court may, in determining a specific sentence within the applicable Guidelines range, consider a factor that may itself not support an upward or downward departure."); *cf. Roberts v. United States*, 445 U.S. 552, 557–58 (1980) (holding that, in determining a sentence, the district court may consider a defendant's failure to cooperate with an ongoing investigation of the criminal scheme of which the defendant was a part); *United States v. Ortega*, 188 F. App'x 266, 266 (5th Cir. 2006) (holding that it was not error for the district court to consider the defendant's lack of cooperation when sentencing him to imprisonment rather than probation); *United States v. Dickson*, 712 F.2d 952, 955 (5th Cir. 1983) (holding that the district court may consider a defendant's lack of cooperation in determining the sentence).

[6] *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).