**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2011

Lyle W. Cayce
Clerk

No. 10-10756
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BERNARD THOMAS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-238-1

Before JONES, Chief Judge and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Bernard Thomas appeals the revocation of his probation and the 60-month above-guidelines sentence imposed following the revocation of his probation. The probation revocation and sentence were based in part on the district court's finding that Thomas violated his probation conditions by committing another federal, state, or local offense, namely the Texas offense of aggravated assault.

Thomas argues that the district court erred in finding that an aggravated assault occurred because hearsay evidence relating to the assault charge was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

introduced at the probation revocation hearing solely for the purpose of showing what led the probation officer to petition for his probation revocation and not for the purpose of proving the probation violation. He states that his admission to his probation officer that he was involved in an incident with acid and that another person got burned with the acid was not an admission that he threw acid on the other person. He also argues that the resulting state court indictment for aggravated assault did not establish that he committed an assault. Finally, Thomas argues that the district court's consideration of out-of-court statements violated his right to due process because he was not allowed to cross-examine the witnesses against him. He requests that his sentence be vacated and that his case be remanded.

This court generally reviews the district court's decision to revoke probation for an abuse of discretion. *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996). This court reviews revocation sentences under the "plainly unreasonable" standard of review. *United States v. Miller*, __ F.3d __, No. 09-11063, 2011 WL 692988, at **1-2 (5th Cir. March 1, 2011).

"Where there is an adequate basis for the district court's discretionary action of revoking probation, the reviewing court need not decide a claim of error as to other grounds that had been advanced as a cause for revocation." *United States v. Turner*, 741 F.2d 696, 698 (5th Cir. 1984). Thomas pleaded true to violating the terms of his probation by going to Austin, Texas, without permission. Accordingly, to the extent that Thomas challenges the revocation itself based upon claims of insufficient evidence and alleged due process violations, we need not address those issues. *See id.*

The record does not indicate that Thomas's sentence was based upon the hearsay testimony admitted into evidence during the probation revocation hearing. Moreover, a district court can find that a defendant has violated his probation by committing another federal, state, or local offense without the defendant first being convicted of that offense. *See, e.g.*, *United States v. Teran*,

No. 10-10756

98 F.3d 831, 836 (5th Cir. 1996); *United States v. Evers*, 534 F.2d 1186, 1188 (5th Cir. 1976).

To revoke a defendant's probation, the district court need only find, by a preponderance of the evidence, that the defendant has committed another offense. *See Teran*, 98 F.3d at 836. Given Thomas's indictment for aggravated assault, his admission that he was involved in assaultive conduct with another person that involved acid, his admission that the incident resulted in the other person being burned with acid, and the probation officer's personal observations of Thomas on the day following the incident, the district court did not abuse its discretion in finding, by a preponderance of the evidence, that Thomas committed the offense of aggravated assault. As Thomas has failed to demonstrate that the district court erred by finding that he committed the aggravated assault, he has shown no abuse of discretion with respect to the revocation of his probation and no reversible error regarding the sentence imposed. The judgment of the district court is AFFIRMED.