# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 12, 2012

Lyle W. Cayce
Clerk

No. 12-50085
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SEVERO GREGORIO GONZALES, also known as Severo Gregario Gonzales,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-32-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Severo Gregorio Gonzales appeals the 18-month term of imprisonment imposed following the revocation of his supervised release for importation of marijuana. He argues that his sentence, which exceeds the range set forth in the nonbinding policy statements set forth in Chapter Seven of the Sentencing Guidelines but is within the statutory maximum, is procedurally unreasonable because the district court failed to consider the applicable 18 U.S.C. § 3553(a) sentencing factors and failed to articulate its reasons for imposing sentence. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

further argues, in reliance on *United States v. Smith,* 440 F.3d 704, 708 (5th Cir. 2006), that the sentence is substantively unreasonable because it fails to reflect the sentencing factors set forth in § 3553(a).

Revocation sentences generally are reviewed under 18 U.S.C. § 3742(a)'s "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied,* 132 S. Ct. 496 (2011). As Gonzales concedes, however, because he raised no objections in the district court, review is for plain error. *See United States v. Whitelaw,* 580 F.3d 256, 259-60 (5th Cir. 2009). Under the plain error standard, Gonzales must show a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). This court has discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

The district court did not expressly reference § 3553(a) in imposing sentence. Although the court's comments in imposing sentence were brief, the record reflects that the court considered the policy statement range of three to nine months, Gonzales's three prior revocations of supervised release, Gonzales's comments at the revocation hearing, defense counsel's arguments in mitigation of sentence, and the Government's arguments that a sentence above the recommended range was warranted. The record reflects that the court considered the nature and circumstances of Gonzales's supervised release violation as well as his history and characteristics in imposing sentence and thus implicitly considered the § 3553(a) factors. *See* § 3553(a)(1); *Whitelaw*, 580 F.3d at 262-65; *United States v. Gonzales*, 250 F.3d 923, 930 (5th Cir. 2001). The district court's explanation, in the context of the revocation hearing, was sufficient, and, thus, Gonzales has not shown clear or obvious error. *Cf. Whitelaw*, 580 F.3d at 261-62 (determining that lack of explicit statement setting forth reasons for imposition of sentence outside of recommended guidelines range was not clear or obvious error). Nothing in the record suggests that a more thorough explanation would have resulted in a shorter sentence, and there

is no suggestion in the record that the district court considered any improper factor or would impose a different sentence on remand. *See id.* at 264-65. Gonzales has not demonstrated plain error with respect to his challenge to the district court's explanation of the sentence imposed upon revocation. *See id.* at 265.

The court's comments at sentencing, in the context of the revocation hearing, reflect that the court was imposing the 18-month sentence on the basis of Gonzales's specific history and characteristics, which included that Gonzales's admitted cocaine use in October 2011 followed his three prior revocations of supervised release, one for testing positively for cocaine use and two for absconding from supervision. *See* § 3553(a)(1). Contrary to Gonzales's appellate argument, the record does not reflect that the sentence "unreasonably fail[ed] to reflect the statutory sentencing factors." *Smith*, 440 F.3d at 708. Gonzales's revocation sentence did not exceed the statutory maximum sentence; accordingly, he has not shown that the sentence imposed constituted plain error. *See Whitelaw*, 580 F.3d at 265.

AFFIRMED.