# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10697
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GABRIEL DAVILA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-203-1

Before JOLLY, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Gabriel Davila appeals the revocation of his supervised release for his conviction for unauthorized use of an access device, as well as his revocation sentence. Davila contends that the district court improperly prevented him from challenging a Government expert's opinion that—based on drug-testing results—Davila had used marijuana twice in May 2015. Davila argues that this deprived him of the ability to refute the Government's allegation that he

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10697

used marijuana "after April 10, 2015." However, the Government also alleged that Davila used marijuana in March 2015, and Davila himself testified that he had used marijuana twice daily during the two months leading up to March 31, 2015. Because that admission alone was sufficient to support the district court's finding that Davila had violated the conditions of his supervised release by using a controlled substance, we need not address a challenge to an alternative ground for revocation. *See* 18 U.S.C. § 3583(e)(3), (g)(1); *United States v. Turner*, 741 F.2d 696, 698 (5th Cir. 1984).

Davila also contends that the district court failed to provide adequate reasons for his sentence, which was above the advisory range. Davila concedes that our review is for plain error because he did not raise this specific objection in the district court. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013); *United States v. Whitelaw*, 580 F.3d 256, 259–60 (5th Cir. 2009). He argues that the district court's explanation was insufficient in light of the "compelling reasons" he provided for a sentence within the advisory range, but he relies exclusively on his own testimony and the explanations he provided for the various violations, while failing to challenge the district court's finding that his testimony was not credible.

The district court found that Davila had committed more than 30 violations of the conditions of his supervised release, including 25 missed restitution payments and several missed and failed drug tests. The court noted that it viewed Davila's violations as "very serious." The court went on to state that it had "considered the policy statement range of 4 to 10 months," but believed that a sentence within the advisory range was inadequate to appropriately address Davila's conduct and the sentencing factors relevant to a revocation sentence. Instead, the court concluded that a 24-month sentence was necessary to address those factors. *See* 18 U.S.C. § 3583(e). Although

brief, the district court's explanation is sufficient, in the context of a revocation sentence, for us to conclude that the sentence is procedurally reasonable. *See United States v. Kippers*, 685 F.3d 491, 497–99 (5th Cir. 2012) ("[A] district court must justify a sentence it imposes upon revocation outside the policy statement's recommended range so as 'to allow for meaningful appellate review and to promote the perception of fair sentencing.'") (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)); *United States v. Gonzales*, 500 F. App'x 342, 342–43 (5th Cir. 2012) (unpublished) (concluding that the "explanation, in the context of the revocation hearing, was sufficient" because the record showed that the district court implicitly considered the sentencing factors along with the testimony, advisory range, and sentencing arguments).  Davila also preserves for further review the argument that any failure on the part of a district court to provide adequate reasons for a sentence affects a defendant's substantial rights by precluding meaningful review.  However, he correctly concedes that the argument is foreclosed.  *See Whitelaw*, 580 F.3d at 262–65 (finding that even where a district court committed clear or obvious error by failing to state reasons for a sentence outside the guidelines range, the error did not affect the defendant's substantial rights).  Davila has not demonstrated plain error with respect to his challenge to the district court's explanation of the sentence imposed upon revocation.

Lastly, Davila contends that his sentence represents a clear error of judgment in balancing the sentencing factors in light of his explanations for the violations, and he argues that there is "simply nothing in the record indicating that the district court gave any consideration to the mitigating factors" he presented.  However, the district court's finding that Davila's testimony was not credible shows that the court considered it.  Davila has not challenged the adverse credibility determination or directed us to other

No. 15-10697

"mitigating factors," and his primary argument for leniency was his own testimony that he had support from his family and employer. The record reflects an individualized sentencing decision, and we will not reweigh the sentencing factors. *See Gall*, 552 U.S. at 49–51.

Accordingly, the district court's judgment is AFFIRMED.