# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2021

Lyle W. Cayce
Clerk

No. 20-30571

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

AVIAN BRULE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CR-309-8

Before WIENER, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:*

Avian Brule repeatedly violated his conditions of supervised release. So the district court revoked his supervised release, departed upward from the sentencing guidelines, and imposed two consecutive 14-month sentences. On appeal, Brule contends that these sentences were both procedurally and

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30571

substantively unreasonable, and that the district court's cumulative errors require reversal. We affirm.

## I.

In 2014, Avian Brule pleaded guilty to distributing heroin and to possessing firearms in furtherance of a drug trafficking crime. The district court imposed two concurrent sentences of 50 months' imprisonment along with concurrent three-year supervised release terms.

Brule went on supervised release in December 2016. However, Brule failed to comply with his conditions of supervised release—he tested positive for marijuana and was charged with cocaine possession and traffic violations. The district court revoked his supervised release and sentenced Brule to concurrent 10-month terms of imprisonment and concurrent three-year terms of supervised release.

Brule went on supervised release again in October 2018. However, in April 2020, Brule's probation officer attested that Brule had again violated his conditions of supervised release on multiple grounds. Shortly thereafter, Brule suffered a gunshot wound to the head while riding in the front seat of a truck driven by Bradley Jackson, a convicted felon.

In July 2020, the government moved to revoke Brule's supervised release based on 11 alleged violations: (1) testing positive for marijuana in January 2019; (2) testing positive for methamphetamine in April 2019; (3) failing to report to substance abuse treatment on seven occasions throughout 2019; (4) frequently failing to submit mandatory monthly supervision reports; (5) failing to report his updated address and telephone number; (6) possessing Xanax in October 2019; (7) failing to report his October 2019 arrest for Xanax possession within 72 hours; (8) speeding and driving without a license in March 2020; (9) failing to report his March 2020 arrest within 72

No. 20-30571

hours; (10) failing to secure employment; and (11) knowingly associating with a convicted felon on the night of his shooting.

At the revocation hearing, Brule stipulated that he had violated his conditions of supervised release by testing positive for marijuana, failing to report his October 2019 arrest, driving without a license, failing to report his arrest for driving without a license, and failing to attend substance abuse treatment sessions. He contested all other alleged violations. The district court found that Brule committed all of the violations alleged, aside from possessing Xanax. The district court then imposed two consecutive 14-month sentences. Brule timely appealed.

## II.

"Where there is an adequate basis for the district court's discretionary action of revoking probation, the reviewing court need not decide a claim of error as to other grounds that had been advanced as a cause for revocation." *United States v. Turner*, 741 F.2d 696, 698 (5th Cir. 1984). Brule stipulated to five violations at the revocation hearing, so his challenge to the district court's revocation determination fails. *See id.*[1]

With respect to Brule's challenges to his sentences, "[t]he applicable standard of review depends on whether [he] properly preserved the objections that form the basis for his appeal." *United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020). If Brule properly preserved his objections, then we apply the "plainly unreasonable" standard, which requires determining whether the district court committed "significant procedural error, such as failing to consider the applicable factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence," and

---

[1] Brule concedes that our precedent forecloses any challenge to his revocation determination but seeks to preserve the issue for further review.

No. 20-30571

then assessing "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *United States v. Sanchez*, 900 F.3d 678, 682 (5th Cir. 2018) (cleaned up). We review unpreserved objections for plain error, which places on Brule "the burden to show (1) error (2) that is plain and (3) that affects his substantial rights." *Cano*, 981 F.3d at 425 (quotations omitted). If Brule makes that showing, our court has discretion to grant relief "if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (cleaned up).

Brule asserts that the district court erred both procedurally and substantively, and that the district court's cumulative errors also warrant reversal. We address each of Brule's challenges to his revocation sentences in turn.

**A.**

The government asserts that Brule failed to preserve the procedural challenges to his sentences that he now presses on appeal and that we should therefore review them for plain error. Because Brule's procedural challenges fail even under the "plainly unreasonable" standard, we assume without deciding that Brule preserved his procedural objections. *See Sanchez*, 900 F.3d at 682.

"It is procedural error at revocation sentencing to select a sentence based on clearly erroneous facts." *United States v. Warren*, 720 F.3d 321, 331 (5th Cir. 2013) (cleaned up). "In raising that due process argument, the burden is on the defendant 'to demonstrate that the district court relied on materially untrue information.'" *Id.* (quoting *United States v. Mueller*, 902 F.2d 336, 347 (5th Cir. 1990)).

Brule argues that the district court erred in finding that he failed to submit monthly reports to his probation officer, maintain or seek

No. 20-30571

employment, or provide his probation officer with his updated address and telephone number.  But the government introduced evidence in support of each of these alleged violations, from which the district court drew reasonable inferences.  Indeed, as to these violations, Brule did not contest the accuracy of the government's allegations at the revocation hearing. Instead, he offered mitigation arguments—that he had not been reprimanded for failing to file monthly reports by his first probation officer, that failing to provide updated contact information to his probation officer was a "fairly minor" violation, and that his failure to find employment was understandable in light of the COVID-19 pandemic.  Given the undisputed evidence, Brule has not shown that the district court committed a significant procedural error by relying on these violations when selecting his sentences.[2]  *See id.*

Brule also argues that the district court erred in finding that he was aware that Bradley Jackson was a convicted felon.  However, the district court heard testimony indicating that Brule and Jackson were from the same neighborhood and had grown up together.  The district court also had before it evidence of Jackson's extensive criminal history, which spanned more than a decade and included multiple felonies.  Based on this evidence, the district court reasonably inferred that Brule knew Jackson was a convicted felon when he was in Jackson's truck the night of the June 2020 shooting. Consequently, Brule has not shown that the district court committed a significant procedural error by relying upon this violation in selecting his sentences either.  *See id.*

Next, Brule contends that the district court erred in relying on a laboratory report that was incomplete and unreliable to conclude that he had

---

[2] The government did not put forth evidence that Brule failed to seek employment. To the extent that the district court erred in finding that Brule violated this employment condition, it was not material to his sentence.  *See Warren*, 720 F.3d at 331.

used or possessed methamphetamine. Specifically, Brule observes that the report "lumped together" amphetamine and methamphetamine. This was a problem because Brule also provided the district court with evidence of a legal prescription for the amphetamine Vyvanse, which he filled roughly one month before the test in question. Moreover, because the report was missing a "quantitation value," Brule contends that the test did not actually identify whether Brule tested positive for methamphetamine or Vyvanse. But even assuming Brule is correct, he has not shown that the district court materially relied on the positive test result in choosing his sentences. The district court made clear that its primary concern was Brule's continual noncompliance with his conditions of supervised release more generally, not any one specific violation. Given the numerous other violations at issue—five of which Brule stipulated to—Brule has not shown that the district court's consideration of the report "was material to [Brule's] sentence." *See id.* (citing *United States v. Tobias*, 662 F.3d 381, 388 (5th Cir. 1981)).

Brule also argues that the district court erred by relying on "extensive testimonial hearsay evidence [that] violated [his] constitutional right to confrontation and Federal Rule of Criminal Procedure 32.1." But "[a] revocation defendant's due process right to confrontation does not apply in connection with the length of any resulting prison sentence." *United States v. Williams*, 847 F.3d 251, 254 (5th Cir. 2017). Brule's right to confrontation is therefore simply inapplicable.[3]

---

[3] Brule concedes that his "right to confrontation is not in full force at the sentencing stage." He observes, however, that sentencing determinations must be based on information with "a sufficient indicia of reliability" to avoid procedural error, and contends that the government's hearsay evidence, "particularly the drug test report," fell short of that standard. However, as we have explained, the district court did not base its sentencing determination on the report Brule objects to. For similar reasons, we reject Brule's argument that his sentence was substantively unreasonable on the grounds that the district

No. 20-30571

**B.**

Brule contends that his sentences were substantively unreasonable because the district court gave significant weight to an improper sentencing factor—promoting respect for the law. Because Brule did not object to the district court's reliance on this consideration, we review this objection for plain error. *See Cano*, 981 F.3d at 425.

18 U.S.C. § 3553(a) sets forth the statutory factors that courts must consider in regular sentencing. While many of these factors apply in the revocation context, some do not. As relevant here, the statute governing revocation sentences, 18 U.S.C. § 3583, does not incorporate 18 U.S.C. § 3553(a)(2)(A), "which allows a court to impose a sentence that reflects the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *Cano*, 981 F.3d at 425 (quotations omitted). Thus, our court has held "it is improper for a district court to rely on § 3553(a)(2)(A) for the modification or revocation of a supervised release term." *United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011). But a district court errs only "when an impermissible consideration is a dominant factor in the court's revocation sentence." *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015). There is no error when such a factor "is merely a secondary concern or an additional justification for the sentence." *Id.*

The district court cited a § 3553(a)(2)(A) factor at Brule's sentencing. Specifically, it stated that "one of the primary goals of sentencing is

court gave improper weight to "contested allegations . . . inadequately supported by proper evidence."

promoting respect for our laws," and it justified Brule's sentences, in part, on the grounds that they were necessary to promote "respect for our laws."[4]

But the sentencing transcript makes plain that the district court was primarily focused on other factors. The district court emphasized that its "main concern" was that this was the second time that Brule's supervised release had been revoked. It also highlighted the "cumulative" and "repetitive" nature of Brule's supervised release violations, and explained that Brule needed "to take better advantage" of his opportunities and to stop "hanging out with people that apparently lead to violent or criminal misbehavior." These were all permissible sentencing considerations. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B); 3583(e).

Read in context, "respect for our laws" was "an additional justification" for Brule's sentences, not a "dominant factor." *Rivera*, 784 F.3d at 1017. Accordingly, Brule has not demonstrated a sentencing error, plain or otherwise.

## C.

Finally, Brule asserts that his sentences should be vacated pursuant to the cumulative error doctrine. But Brule has not demonstrated that any errors fatally infected his sentencing in such a manner that the proceedings themselves lacked fundamental fairness. *United States v. Delgado*, 672 F.3d

---

[4] The district court also cited the need for "just punishment." But while the need to "provide just punishment for the offense" is a § 3553(a)(2)(A) factor, there is a distinction "between *punishment* for the offense constituting the supervised release violation[ ] and *sanctioning* the violation itself." *United States v. Rivera*, 797 F.3d at 308–09 (emphasis in original). *See also Miller*, 634 F.3d at 843 ("[T]he goal of revocation is to punish a defendant for violating the terms of the supervised release."). The sentencing transcript makes clear that, when referring to "just punishment," the district court was doing the latter, which may explain why Brule did not object to these references before the district court or challenge them on appeal.

No. 20-30571

320, 344 (5th Cir. 2012) (en banc). *See also Derden v. McNeel,* 978 F.2d 1453, 1456 (5th Cir. 1992) (en banc) ("[T]he possibility of cumulative error is often acknowledged but practically never found persuasive."). Cumulative error therefore does not justify reversal in this case. *See United States v. Oti*, 872 F.3d 678, 690 n.10 (5th Cir. 2017).

\* \* \*

For the foregoing reasons, we affirm the sentences imposed by the district court.